UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-10280 RLJ |
| BIG COUNTRY MOBILE FLEET SERVICES, | § | |
| | § | |
| | § | CHAPTER 7 |
| DEBTOR. | § | |

**NOTICE OF INTENT TO SELL PROPERTY OF THE ESTATE
AT PRIVATE SALE**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 2201, 3RD AND PINE, ABILENE, TEXAS BEFORE CLOSE OF BUSINESS ON MARCH 20, 2020, WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE ROBERT L. JONES
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW HARVEY L. MORTON, Trustee in the above-entitled and numbered cause, and files this his Notice of Intent to Sell Secured Property Free and Clear of Liens, Claims and Encumbrances, and in support thereof would show:

1. Debtor filed its Chapter 7 Petition on November 22, 2019. Movant was appointed Trustee; the first meeting of creditors to be held pursuant to Section 341 of the Bankruptcy Code was scheduled for January 24, 2020; Harvey L. Morton (the "Trustee") was appointed and is serving as the Chapter 7 Trustee.

2. Debtor scheduled three (3) work designed and utilized vehicles described as:

a. a 2004 FRHT subject to a lien with the balance equivalent to the scheduled value. Trustee, does not seek to sell that vehicle;

b. a 2004 Ford Pick-Up Model 25 and;

c. a 2003 GMC Pick-Up Model SIE.

The latter two vehicles are the ones now sought to be sold by Trustee. No lien on these have been identified. The value of the Ford is scheduled at $8,500.00 and the GMC at $10,700.00. Trustee has no sales lot, employs no sales personnel and has no means to maximize purchase offers.

3. The Ford is the subject to a purchase offer of $3,000.00, cash, by Smith South Plains.

4. Both have been stored outside under a Carport type cover for what appears to have been well over 6 months. Both are covered with dirt and grime but the interior of the Ford remains neat. The vehicle, was driven from its storage site outside Clyde to Slaton, Texas. It has storage bins attached to its bed. It has mileage in excess of 200,000 miles. After the 20 miles to Abilene, it operated efficiently.

5. Trustee was advised that, when he came to Clyde to possess the two vehicles, they would be operational. However, on arrival, it was found that both batteries on the GMC (a diesel vehicle), were so dead that the vehicle could not be started with either jumper cables or battery charger. It is not known for sure just how extensive mechanical problems may be. After several attempts, Trustee, reluctant to drive back from Lubbock to Abilene at a later date, made the following agreement with the principal with the Debtor:

1. Debtor will replace both batteries and Trustee will reimburse the cost;

2. Debtor will make a reasonable attempt to restore the truck to where the engine will operate;

3. Debtor will run ads to solicit a purchase from the general public;

4. Any interested purchaser will be referred to Trustee with contact numbers and Trustee will evaluate the offer.

6. Trustee believes that purchasers responding to such newspaper ads for sale of a 6 year old, highly utilized work pick-up, will be anxious to make a quick buy and un-willing to wait some 3 plus weeks to acquire possession. Trustee proposes that this Court allow him to report a sale with a 10 day Notice to parties in interest, He does not believe that a offer will exceed $8,000.00 as this vehicle is a bit ragged.

7. A sale in the manner prescribed will avoid further expense of storage and transport, as well as any necessary repairs and expense.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that, after appropriate notice and hearing, the Court enter an order authorizing the Trustee to sell the Ford Vehicle to the highest bidder, on an "as is" basis, free and clear of all liens, claims, interests and encumbrances, with any valid liens, claims, interests, and encumbrances to attach to the proceeds of the sale; and for such other relief and that Trustee be authorized to market the GMC vehicle on site, to accept the highest offer and to represent that a sale will require only a 10 day Notice to interested parties.

Respectfully submitted,
/s/ Harvey L. Morton
Harvey L. Morton
SBN: 14560000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the following by ECF and/or U.S. Mail on the 27th day of February, 2020:

U.S. Trustee's Office
1100 Commerce Street
Room 976
Dallas, Texas 75242

\s\ Harvey L. Morton